UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FORMOSA EPITAXY INC.,

        Plaintiff,

        v.

LEXINGTON LUMINANCE LLC,

        Defendant.

Case No. _____

JURY TRIAL DEMANDED

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT
NON-INFRINGEMENT AND INVALIDITY**

Plaintiff Formosa Epitaxy Inc. ("Forepi") for its Complaint against Defendant Lexington Luminance LLC ("Lexington") avers the following through its undersigned counsel:

**NATURE OF THE CASE**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, seeking an Order confirming that Forepi does not infringe any claim of U.S. Patent No. 6,936,851 ("the '851 patent"), attached as Ex. A, and an Order declaring that the '851 patent is invalid.

**THE PARTIES**

2. Forepi is a foreign corporation organized and existing under the laws of Taiwan with its principal place of business located at No. 99, Lun Yuan 1st Road, Lung-Tan, Taoyuan, Taiwan.

3. Upon information and belief, Lexington is a limited liability company organized under the laws of Massachusetts with its principal place of business at 468 Lowell Street, Lexington, Massachusetts 02420.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202. As detailed below, Lexington's actions have created an actual controversy within the meaning of 28 U.S.C. § 2201 as to the validity and alleged infringement of the '851 patent. The controversy is substantial, between parties having adverse legal interests, and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

5. This Court has personal jurisdiction over Lexington because it has submitted to the jurisdiction of this Court by filing and pursuing a related action in this district, *Lexington Luminance LLC v. Google Inc.*, Case No. 1:12-cv-12218-GAO ("the Google litigation"). Lexington also alleges to do business within this district.

6. Lexington directed the acts giving rise to the actual controversy between the parties in this action in this district by, at a minimum, filing the Google litigation.

7. Forepi does not dispute personal jurisdiction for purposes of this action. Forepi does not waive its right to contest personal jurisdiction in any other action in this judicial district or elsewhere. Hence, for purposes of this action, venue is proper.

## FACTUAL BACKGROUND REGARDING THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES

8. In the Google litigation, Lexington has accused Defendant Google, Inc. ("Google") of infringing the '851 patent, by "making, using, offering for sale, selling, and/or

importing e-reader devices and tablet computers, including, without limitation, the Nexus 7 and other similar products" (the "Google Products").  Case No. 1:12-cv-12218-GAO, D.I. 1 at ¶ 11.

9. The only accused component of the Google Products that Lexington alleges infringes the '851 patent is the Light Emitting Diode ("LED").

10. Forepi manufactures and sells LED chips and wafers and other optoelectric products.

11. In particular, Forepi's manufactured LED chip model number FI2811KAZ-BL ("Forepi LED Product") is at least one of the accused LEDs in the Google litigation.

12. After the Google litigation was filed, Forepi conducted its due diligence regarding the allegations and satisfied itself that at least some of the LEDs in the Google Products were supplied by Forepi.  Based on that understanding, Forepi has acknowledged its duty to defend and indemnify its customer, Unity Opto Technology Co., Ltd.

13. In the Google litigation, Lexington seeks to permanently enjoin Google from making or selling the Google Products which incorporate the Forepi LED Product.

14. Because of Lexington's allegations regarding the Forepi LED Product, Forepi has a direct and substantial interest in defending against, and defeating, Lexington's infringement claims against Google, and potentially against other Forepi customers.

15. As a result of Lexington's allegations against Google, Forepi has an objectively reasonable apprehension that Lexington may claim that Forepi and/or its other customers have infringed the '851 patent.  Lexington's apparent opposition to Forepi intervening in the Google litigation and Lexington's patent infringement allegations against Forepi's LED Product in that litigation, create an actual and substantial controversy between Lexington and Forepi having

adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

16. In the Google litigation, Forepi is seeking to obtain this Court's assistance and declaration concerning these matters by filing a motion to intervene in that litigation together with declaratory judgment claims in Forepi's Complaint in Intervention.

17. If intervention is not allowed, Forepi will request that this Court consolidate this action and the related Google litigation.

## COUNT I
**(Declaratory Judgment of Non-Infringement)**

18. Forepi incorporates by reference its allegations in paragraphs 1-17.

19. As noted above, an actual controversy exists between Forepi and Lexington as to whether the Google Products incorporating the Forepi LED Product infringe the '851 patent.

20. The Forepi LED Product does not infringe any claim of the '851 patent, and Forepi does not induce or contribute to the infringement of any claim of the '851 patent.

21. A judicial declaration is necessary and appropriate at this time to declare that the Forepi LED Product, or the use of such technology, does not infringe (directly, indirectly, jointly and/or under the doctrine of equivalents) any claim of the '851 patent so that Forepi and Forepi's LED Product customers and users can ascertain their rights and duties with respect to designing, making, selling and using Forepi's technology. Absent such a declaration, Lexington will continue to assert the '851 patent against Forepi and/or Forepi's LED Product customer(s) and users thereby causing Forepi irreparable injury and damage. Forepi has no adequate remedy at law.

## COUNT II
### (Declaratory Judgment of Invalidity)

22. Forepi incorporates by reference its allegations in paragraphs 1-21.

23. As noted above, an actual controversy exists between Forepi and Lexington as to whether the claims of the '851 patent are invalid.

24. The claims of the '851 patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

25. A judicial declaration is necessary and appropriate at this time to declare that the claims of the '851 patent are invalid so that Forepi and Forepi LED Product customers and users can ascertain their rights and duties with respect to designing, making, selling, and using Forepi's technology. Absent such a declaration, Lexington will continue to assert the '851 patent against Forepi and/or Forepi LED Product customer(s) and users thereby causing Forepi irreparable injury and damage. Forepi has no adequate remedy at law, nor do other accused (or potentially accused) Forepi LED Product customers and users.

## EXCEPTIONAL CASE

26. This is an exceptional case entitling Forepi to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Forepi prays for judgment as follows:

1. A declaration that Forepi and its Forepi LED Product customers, by virtue of their manufacturing and use of the Forepi LED Product, do not infringe (not directly, jointly, contributorily, by inducement, or by equivalence) any valid claim of the '851 patent;

2. A declaration that each and every claim of the '851 patent is invalid;

3. A declaration that Lexington is not entitled to any injunction against Forepi or any of its Forepi LED Product customers because it has other adequate remedies at law, has not been irreparably harmed, the balance of hardships is not in its favor, and the public interest is not served by the granting of injunctive relief;

4. An adjudication that this case is exceptional within the meaning of 35 U.S.C. § 285, entitling Forepi an award of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

5. Any such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Forepi demands a trial by jury on all issues so triable.

Dated: May 3, 2013

By: */s/ Patricia R. Rich*

Patricia R. Rich, BBO# 640578
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston MA 02110
Telephone: (857) 488-4200
Facsimile: (857) 488-4201
prich@duanemorris.com

Attorney for Plaintiff
**FORMOSA EPITAXY INC.**